## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**LOURDES MIRLES,**

        **PLAINTIFF,**

**V.**

**GOLDEN SAJ, LLC,**
**d/b/a DAYS INN BY WYNDHAM,**

        **DEFENDANT.**

**CASE NO.:  6:20-CV-1144-ORL-_____**

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, LOURDES MIRLES ("Mirles" or "Plaintiff"), by and through her undersigned counsel, and hereby files this Complaint against Defendant, GODLDEN SAJ, LLC ("Golden Saj" or "Defendant"), alleging as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Defendant Golden Saj is a Florida profit corporation whose principal place of business is in Kissimmee, Florida.

2.      Defendant's primary business is hospitality as Defendant owns and operates a hotel property located at 4125 W. Vine Street, Kissimmee, Florida 34741.

3.      Plaintiff was employed at Defendant's hotel location from July 2018 to March 2020.

4.      Defendant was Mirles' employer within the meaning of 29 U.S.C. §203(d) of the Fair Labor Standards Act ("FLSA").

5.      Defendant owns and operates a hotel property in Kissimmee, Florida area.

6.      Defendant guaranteed the wage payments made by Defendant to Mirles (by making a wage payment to her).  As such, Defendant was Mirles' employer within the meaning of 29 U.S.C. §203(d) of the FLSA.

7.     Mirles was an employee of Defendant, as defined under 29 U.S.C. § 203(e)(1) of the FLSA.

8.     Defendant employed Mirles within the meaning of 29 U.S.C. §203(g) of the FLSA.

9.     At all times material hereto, Mirles was "engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) of the FLSA.

10.     At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

11.     At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

12.     Upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

13.     At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

14.     This Court has original jurisdiction over Mirles claims arising under the FLSA pursuant to 28 U.S.C. §1331.

15.     Venue is appropriate in this jurisdictional district under 28 U.S.C §139(b) because the events that gave rise to Mirles Complaint occurred in the Middle District of Florida.

**STATEMENT OF FACTS**

16.     Mirles began her employment with Defendant Golden Saj on or around July 2018.

17.     Milres was hired by Defendant Golden Saj as a general laborer and was paid for her services by being provided a hotel room free of charge, the value of which was approximately $300.00 per week.

18.     Mirles was paid no wages or any other remuneration aside from being provided a hotel room that was valued at approximately $300.00 per week.

19.     Plaintiff's employment was terminated in or about March 2020.

20.     For each of the twenty-one months Mirles was employed she worked in excess of seventy-two (72) hours per week without any compensation for her services aside from the provision of a hotel room valued at approximately $300.00 per week.  Mirles was employed by Defendant and she was required to perform work-related tasks "off the clock" and was never paid for any of that time.

21.      Mirles was instructed by the owners of the hotel and by management of the hotel to perform tasks that resulted in her working in excess of seventy-two (72) hours per week and was never permitted to clock in for that working time and was not paid for any of that working time aside from the $300.00  per week valued hotel room.

22.     From the beginning of Plaintiff's employment with Defendant she was required to perform tasks such as housekeeping, indoor and outdoor maintenance, general cleaning, breakfast set-up, plumbing, storage and receiving among additional assigned tasks.  Plaintiff was not paid for her performance of these tasks except for the provision of the hotel room valued at $300.00 per week.

23.     Plaintiff consistently worked seventy-two (72) hours per week which included forty (40) hours per week at minimum wage and thirty-two (32) hours of overtime, for which she was never compensated.

24.     Plaintiff was also required to clean the personal home of the owners of Golden Saj and was never compensated for that time.

25.     Mirles has earned significant wages over the course of her employment that remain unpaid as of this date.

26.     Defendant failed to keep records of the time worked by Mirles during her employment in violation of the FLSA.

27.     As a result of Defendant's unlawful actions, Mirles was not paid for numerous hours of work that she was required to perform by Defendant during the course of her employment.

## COUNT I – UNPAID OVERTIME WAGES

28.     Mirles re-alleges and adopts herein the allegations contained in paragraphs 1-26 above.

29.     This is an action against Defendant Golden Saj, for unpaid minimum wages, overtime wages, interest, costs and attorneys' fees.

30.     Mirles is entitled to recover her minimum wages owed to her  pursuant to FLSA, 29 U.S.C. §201.

31.     Mirles is also entitled to  recover her overtime wages owed to her pursuant to FLSA, 29 U.S.C. §201.

32.     Section 7(a) of the FLSA requires overtime pay at a rate of not less than one and one-half times an employee's regular rate of pay after an employee exceeds forty (40) hours of work in a workweek.  29 U.S.C. §207(a).

33.     Mirles was not paid proper or accurate overtime compensation by Defendant in an amount equal to one and one-half times Mirles regular rate of pay for all hours worked in excess of forty (40) per workweek in violation of Section 7(a) of the FLSA.

34.     As a direct and proximate result of the Defendant's failure to pay overtime compensation, Mirles been damaged in the loss of wages due.

35.     As a result of Defendant's actions, Mirles was required to engage the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

36.     The Defendants' failure to pay overtime was deliberate, willful, without good faith or any legal justification, and is a violation of the FLSA. Consequently, Mirles is entitled to liquidated damages.

WHEREFORE, Plaintiff, LOURDES MIRLES, respectfully prays for the entry of judgment against Defendant, GOLDEN SAJ, LLC, for overtime compensation, liquidated damages, interest, costs and attorneys' fees, and such other relief as this Court deems just, proper and equitable.

## COUNT II – UNPAID MINIMUM WAGE

37.     Mirles re-alleges and adopts herein the allegations contained within Paragraphs 1-26 above.

38.     This is an action against Defendant Golden Saj, for unpaid minimum wages, interest, costs and attorneys' fees.

39.     Mirles was entitled to be paid minimum wages for each hour worked during her employment with Defendant.

40.     Mirles employment ended with Defendant on or about March 19, 2020.

41.     Since then, Mirles has demanded compensation for all hours worked, but Defendant has failed and refused to compensate her for same.

42.     Defendant willfully failed to pay Mirles at least the minimum wages due in contravention to 29 U.S.C. §206.

43.     As a direct and proximate result of the Defendant's deliberate underpayment of wages, Milres has been damaged in the loss of minimum wages for her work.

44.     As a result of Defendant's action, Mirles was required to engage the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

45.     The Defendant's failure to pay Mirles her minimum wages was deliberate, willful, without good faith or any legal justification, and is a violation of the FLSA.  Consequently, Mirles is entitled to liquidated damages.

WHEREFORE, Plaintiff, LOURDES MIRLES, respectfully prays for the entry of judgment against Defendant, GOLDEN SAJ, LLC, for minimum wages, liquidated damages, interest, costs and attorneys' fees, and such other relief as this Court deems just, proper and equitable.

## COUNT III –UNPAID WAGES

46.     Mirles re-alleges and adopts herein the allegations contained within Paragraphs 1-26, above.

47.     This is an action against Defendant GOLDEN SAJ, LLC, for unpaid wages under Florida Statute §448.08, interest, costs and attorneys' fees

48.     Despite Mirles reasonable attempts to obtain payment of these earned monies, Defendant has failed and refused to make payment as required by Florida Statute Chapter 448.

WHEREFORE, Plaintiff, LOURDES MILRES, respectfully prays for the entry of judgment against Defendant, GOLDEN SAJ, LLC, for unpaid wages, interest, costs and attorneys' fees, and such other relief as this Court deems just, proper and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues in this case so triable.

DATED this 26th day of June 2020.

Respectfully submitted,

**BURRUEZO & BURRUEZO, PLLC**

By:     /s/ Carlos J. Burruezo, Esq.
**CARLOS J. BURRUEZO, ESQ.**
Florida Bar Number 843458
carlos@burruezolaw.com
docketing@burruezolaw.com
**BERTHA L. BURRUEZO, ESQ.**
Florida Bar Number 596973
bertha@burruezolaw.com
**DEBORAH E. FRIMMEL, ESQ.**
Florida Bar Number 93970
deborah@burruezolaw.com
911 Outer Road
Orlando, Florida 32814
Office: 407.754.2904
Facsimile: 407.754.2905

Attorneys for Plaintiff, LOURDES MIRLES

4830-4180-9601, v. 1