UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOURDES MIRLES,

    Plaintiff,

v.                                        CASE NO. 6:20-CV-1144-ORL-41DCI

GOLDEN SAJ, LLC, d/b/a DAYS
INN BY WYNDHAM KISSIMMEE

    Defendant.

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS UNDER THE FAIR LABOR STANDARDS ACT OF 1938, 29 U.S.C. §201, et seq. ("FLSA")

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS UNDER THE FAIR LABOR STANDARSD ACT ("Agreement") is made by and between LOURDES MIRLES ("Plaintiff") and GOLDEN SAJ, LLC, d/b/a DAYS INN BY WYNDHAM KISSIMMEE ("Defendant").

WHEREAS, Plaintiff through the above-referenced case alleged unpaid overtime compensation was due to her pursuant to the Fair Labor Standards Act ("FLSA").

WHEREAS, Defendant denies liability and/or any other wrongdoing with respect to Plaintiff;

WHEREAS, Plaintiff and Defendant wish to avoid litigation and settle and resolve the controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that the above-entitled matter is hereby resolved as follows:

1. **RECITALS.** The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **RELEASE OF FLSA CLAIMS.**

    a. This Agreement shall constitute a release of all claims Plaintiff might have under the FLSA against Defendant.

    b. Upon execution of this Agreement, the parties shall immediately file a Joint Motion for Approval of Settlement and Dismissal of this case, with prejudice.

    c. Plaintiff hereby knowingly and voluntarily releases and forever discharges Defendant, its parents, predecessors, successors, assigns, subsidiaries, affiliates, insurers, and owners, and their past, present and future directors, officers, shareholders, members, employees, agents, insurers and attorneys both individually and in their capacities as directors, owners, officers, shareholders, members, employees, agents, insurers and attorneys (collectively "Releasees") of and from any and all claims arising under the FLSA against any of the Releasees which Plaintiff has or might have as of the date of the execution of this Agreement.

3. **SETTLEMENT SUMMARY.**

    a. If the parties receive an Order from the Court approving this settlement and dismissing this case, *with prejudice*, then, within 10 days of the latter of the Court's dismissal, Defendant will pay to Plaintiff the total sum of $ 9,000.00 paid as described below:

    - $5,000.15, made payable to LOURDES MIRLES, for damages allegedly due LOURDES MIRLES, which amount shall not be subject to deductions or withholding and for which an IRS Form 1099 shall issue to LOURDES MIRLES; and

- $3,999.85, made payable to BURRUEZO & BURRUEZO, PLLC, as attorneys' fees and costs incurred in connection with LOURDES MIRLES' claims under the FLSA and for which separate IRS Forms 1099 shall issue to BURRUEZO & BURRUEZO, PLLC and LOURDES MIRLES.

Plaintiff understands and acknowledges that she would not receive the payments specified in this paragraph, except for her execution of this Agreement, including the Release of FLSA claims contained herein, and her fulfillment of the promises contained herein.

b.  Defendant makes no representation as to the taxability of the amounts paid to Plaintiff. Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Plaintiff agrees to indemnify Defendant and hold it harmless from any interest, taxes or penalties assessed against it by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff or her attorney under the terms of this Agreement.

4.  **AFFIRMATIONS.** Plaintiff affirms that, upon payment of the amounts set forth herein, she will have been paid and/or will have received all overtime compensation, liquidated damages related to overtime compensation and attorneys' fees and costs in connection with her claims under the FLSA.

5.  **NO ADMISSION.** Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Releasees of any liability, unlawful conduct of any kind or violation by the Releasees of the FLSA.

6.  **OPPORTUNITY TO REVIEW.** Plaintiff acknowledges that she is aware that she is giving up all FLSA claims she may have against the Releasees. Plaintiff acknowledges that she has been advised in writing to consult with an attorney, has had the opportunity to seek

legal advice before executing this Agreement, and, in fact, sought legal advice from her counsel, before executing this Agreement. Plaintiff signs this Agreement voluntarily.

7. **WAIVER OF JURY TRIAL**. Plaintiff and Defendant hereby knowingly, voluntarily, and intentionally waive any right to a jury trial with respect to any claims for breach of this Agreement.

8. **SEVERABILITY**. Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

9. **VENUE AND GOVERNING LAW**. This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions. In the event of any action arising hereunder, venue shall be proper in the United States District Court in and for the Middle District of Florida, Orlando Division.

10. **ENTIRE AGREEMENT.** This Agreement sets forth the entire agreement between Plaintiff and Defendant as to settlement of the Plaintiff's FLSA claims asserted in this case. Plaintiff acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to sign this Agreement, except those set forth in this Agreement.

11. **AMENDMENTS.** This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

12. **EXECUTION IN COUNTERPARTS**. This Agreement may be executed in any number of counterparts, each of which when executed and delivered shall be considered an original. All the counterparts together shall constitute one and the same instrument.

13. THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 3 ABOVE, PLAINTIFF FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE OF FLSA CLAIMS INTENDING TO WAIVE, SETTLE AND RELEASE THE FLSA CLAIMS PLAINTIFF HAS OR MIGHT HAVE AGAINST RELEASEES.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: 30th NOV, 2020            _____
                                 LOURDES MIRLES

5

Sworn to and subscribed before me this ___30th___ day of ___NOV___, 2020, by LOURDES MIRLES who is personally known to me [or who has produced ___FL DL___ as identification].

**RICARDO ANDINO**
Notary Public - State of Florida
Commission # GG 234194
My Comm. Expires Jul 1, 2022
Bonded through National Notary Assn.

_____
Notary Public – State of Florida

___Ricardo Andino___
Print Name of Notary
Commission #: GG 234194
Commission Expires: July 1st, 2022

Dated: ___NOV   06___, 2020

_____
GOLDEN SAI, LLC, d/b/a DAYS INN BY WYNDHAM KISSIMMEE

Name: ___Balendear. K___

Title: ___PRESIDENT___

6